UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- x
RICARDO SANCHEZ,                       :
                                       :
              Petitioner,              :        06 Civ. 3370 (JSR)
                                       :
              -v-                      :        ~~~~~~~~ORDER~~~~~~
                                       :     ┌─────────────────────────┐
KEVIN KELLER,                          :     │ USDC SDNY               │
                                       :     │ DOCUMENT                │
              Respondent.              :     │ ELECTRONICALLY FILED    │
----------------------------------- x        │ DOC #: _____   │
                                             │ DATE FILED: 2-15-08     │
JED S. RAKOFF, U.S.D.J.                      └─────────────────────────┘

On December 4, 2007, the Honorable Theodore H. Katz, United

States Magistrate Judge, issued a Report and Recommendation

("Report") in the above-captioned matter recommending that the Court

deny petitioner's motion under 28 U.S.C. § 2254 for a writ of habeas

corpus. Petitioner timely filed objections to the Report.

Accordingly, the Court has reviewed the motion and the underlying

record de novo. Having done so, and having thoroughly considered

petitioner's objections, the Court agrees with Magistrate Judge Katz

that the petition should be denied.

Sanchez's petition claims that his guilty plea was not made

knowingly, intelligently and voluntarily because the trial court did

not inform him that his agreed-upon sentence included a five-year

period of post-release supervision. In his Report, Magistrate Judge

Katz explained in detail why this claim fails on the merits, and the

Court adopts that analysis. Petitioner's objections, however, are

directed exclusively to an entirely different argument, raised for

the first time here: that the five-year period of supervised release

was added illegally by the Department of Corrections, rather than being imposed by a judge in open court, and so is invalid.

Whatever the arguable merits of this contention, see Earley v. Miller, 451 F.3d 71 (2d Cir. 2006), Sanchez did not raise this claim in his original petition, and so he is precluded from raising it for the first time in his objections to the Magistrate Judge's Report. See Chisolm v. Headley, 58 F. Supp. 2d 281, 284 n.2 (S.D.N.Y. 1999) ("[A] petitioner is not permitted to raise an objection to a magistrate judge's report that was not raised in his original petition." (citing Harris v. Pulley, 885 F.2d 1354, 1377-78 (9th Cir. 1989)); see also Ramirez v. United States, 2007 U.S. Dist. LEXIS 68700, at *6 (S.D.N.Y. 2007). Moreover, it does not appear that Sanchez could have properly raised the claim in his underlying petition, since it would appear that he has not exhausted his state remedies. See Jimenez v. Walker, 458 F.3d 130, 148-149 (2d Cir. 2006).

Accordingly, the Court hereby adopts the Report and dismisses the petition. In addition, since the petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability should issue under 28 U.S.C. § 2253(c)(2), and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the Court's order would not be taken in good faith. Clerk to enter judgment.

SO ORDERED.

Dated: New York, NY
February 14, 2008

JED S. RAKOFF, U.S.D.J.

2